# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,   Case No. 3:13CR134

    Plaintiff

    v.   **ORDER**

Robert DeBolt, et al.,

    Defendants

This is a criminal case in which the defendant Robert DeBolt has filed a motion to suppress, challenging seizure of a trailer and its contents. (Doc. 235). He contends that F.B.I. agents unlawfully seized the trailer when executing a search warrant because the warrant did not include the trailer in the list of things to be seized.

Following a hearing on execution of the warrant, this motion became decisional.

For the reasons that follow, I overrule defendant's motion.

The warrant, in addition to listing specific items of property, including, *inter alia*, certain vehicles, also allowed agents to seize "motor vehicles used in the commission of the crimes alleged." (Doc. 235-1 at 2). The defendant's trailer was not included within the specified list.

The hearing established, and I find:

- At the time of execution of the warrant, agents had learned that the trailer had been used at least twice to haul stolen property from the premises to other locations;

- The agents did not know the trailer would be on the premises; thus, they did not have probable cause to list it within the list of things to be seized;

- The "trailer" constituted a "motor vehicle," despite defendant's argument to the contrary; and

- On executing the warrant, the agents observed the trailer in plain view, and recognized it as having been used to transport stolen property from the premises.

(5.20.14 Hearing Tr., at 1751-53).

As a result of what I learned during the evidentiary hearing, I find that, unquestionably, seizure of the trailer was lawful under the clause, "motor vehicles used in the commission of the crimes alleged." The agents having lawfully seized the trailer, they could properly search it and seize its contents under, at least, the inventory search doctrine. *E.g., South Dakota v. Opperman*, 428 U.S. 364 (1976).

It is, accordingly, ordered that the defendant's motion to suppress (Doc. 235) be, and the same hereby is overruled.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge